**Carolina SOSA and Dr. Gray Orphee, Plaintiffs–Appellants,**

v.

**ROCKLAND COMMUNITY COLLEGE, Defendant– Appellee.**

No. 07–2079–cv.

United States Court of Appeals, Second Circuit.

Dec. 17, 2008.

Michael H. Sussman, Sussman & Watkins, Goshen, N.Y., for Appellants.

Ricki H. Berger, New York, N.Y., for Appellee.

PRESENT: Hon. JOSEPH M. McLAUGHLIN, Hon. GUIDO CALABRESI, Hon. DEBRA A. LIVINGSTON, Circuit Judges.

## SUMMARY ORDER

Plaintiffs appeal summary judgment by the District Court. We review the District Court's grant of summary judgment de novo. *Holcomb v. Iona Coll.,* 521 F.3d 130, 137 (2d Cir.2008). Summary judgment is appropriate if the evidence is such that no reasonable jury could return a verdict for the nonmoving party. *McCarthy v. Dun & Bradstreet Corp.,* 482 F.3d 184, 202 (2d Cir.2007); *see also* Fed. R.Civ.P. 56(c).

The nonmoving party is required to "go beyond the pleadings" and "designate specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett,* 477 U.S. 317, 324, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986) (internal quotation marks omitted); *see also Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249–50, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). This requires "more than simply show[ing] that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson,* 477 U.S. at 249–50, 106 S.Ct. 2505 (citations omitted).

Employment discrimination cases are analyzed under the burden-shifting framework set forth by the Supreme Court in *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). *See, e.g., Fisher v. Vassar Coll.,* 114 F.3d 1332, 1335–36 (2d Cir.1997) (en banc), *abrogated on other grounds, Reeves v. Sanderson Plumbing Prods., Inc.,* 530 U.S. 133, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000). According to this approach, the plaintiff bears the initial burden of establishing a prima facie case of discrimination. *McDonnell Douglas,* 411 U.S. at 802, 93 S.Ct. 1817. If the plaintiff does so, the

burden shifts to the defendant to articulate "some legitimate, nondiscriminatory reason" for its action. *Id.* If such a reason is provided, the plaintiff may no longer rely on the presumption raised by the prima facie case but may still prevail by showing, without the benefit of the presumption, that a reasonable jury could conclude that the employer's determination was in fact the result of discrimination. *Holcomb,* 521 F.3d at 141. "The ultimate burden of persuading the trier of fact that the defendant intentionally discriminated against the plaintiff remains at all times with the plaintiff." *Tex. Dep't of Cmty. Affairs v. Burdine,* 450 U.S. 248, 253, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981).

As the District Court did implicitly, we assume, without deciding, that Plaintiffs made out a prima facie case of discrimination. *See Bickerstaff v. Vassar Coll.,* 196 F.3d 435, 447 (2d Cir.1999). Defendant, however, offered an adequate, nonpretextual explanation for failing to promote Plaintiffs. Plaintiffs offered little colorable evidence to show that Defendant's explanation was a mere pretext or that Defendant intentionally discriminated. We observe, in passing, that Plaintiffs did not make out a disparate impact claim. We have considered all of Plaintiffs' arguments and have found them to be without merit. Accordingly, the judgment of the District Court is **AFFIRMED.**